UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN CORNEJO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>D. SHALTRY, et al.,<br><br>　　　　　　Defendants. | Case No. 16-cv-05306-JST (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff Efrain Cornejo, a state prisoner presently incarcerated at Mule Creek State Prison, filed the instant pro se prisoner complaint under 42 U.S.C. § 1983 regarding incidents that took place at Salinas Valley State Prison (SVSP), where he was previously incarcerated. Plaintiff is granted leave to proceed in forma pauperis in a separate order.

**BACKGROUND**

The complaint alleges the following:

On September 21, 2014, while housed in the Enhanced Out-Patient Program at SVSP, defendants D. Shaltry and V. Pato came to plaintiff's cell and escorted plaintiff's cellmate out of the cell. D. Shaltry and V. Pato then proceeded to use chemical agents on plaintiff and removed him from his cell. Defendant R. Downey ordered plaintiff's placement in segregated housing for allegedly making threats against staff. D. Shaltry and V. Pato fabricated a Rules Violation Report (RVR), dated September 23, 2014, accusing plaintiff of resisting a peace officer, necessitating the use of force.

On September 24, 2014, D. Shaltry and V. Pato issued a chrono stating that plaintiff was not a threat as initially stated. This allowed plaintiff to be released from segregated housing. Plaintiff began preparing questions to be posed to D. Shaltry and V. Pato in advance of the hearing

1  on his RVR.  When D. Shaltry received the questions, he directed defendant R. Curry to escort

2  plaintiff to the holding cages, whereupon R. Curry threatened plaintiff and forced plaintiff to sign

3  a waiver, giving up his right to an investigative employee at the RVR hearing.

4        On November 16, 2014, defendant J. Stevenson held the RVR hearing.  He did not allow

5  plaintiff to call his requested witnesses.  Plaintiff was found guilty and was imposed a 90-day loss

6  of time credits.  Defendants J. Hughes and V. Solis approved the findings.  Plaintiff filed inmate

7  grievances challenging the RVR results.  In retaliation for using the grievance procedure, he was

8  sexually harassed by R. Curry and received a death threat from D. Shaltry.

9  **DISCUSSION**

10  A.  Standard of Review

11        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

12  redress from a governmental entity or officer or employee of a governmental entity.  See 28

13  U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

14  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

15  monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),

16  (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

17  Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

18        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

19  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

20  statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

21  which it rests.'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

22  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

23  obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

24  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

25  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell

26  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

27  must proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 1974.

28        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

   1.  Eighth Amendment Claims

The Eighth Amendment prohibition of "cruel and unusual punishment" places restraints on prison officials, who may not, for example, inflict unnecessary and wanton pain on prisoners. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The use of chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain has been recognized as a violation of the Eighth Amendment. Furnace v. Sullivan, 705. F.3d 1021, 1028 (9th Cir. 2013). Liberally construed, the allegations of the complaint state a Section 1983 Eighth Amendment claim against D. Shaltry and V. Pato for the September 21, 2014 use of chemical agents.

   2.  Due Process Claims

Wolff v. McDonnell, 418 U.S. 539 (1974) established five procedural requirements at prison disciplinary hearings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566; see also Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on case by case analysis of potential hazards of calling particular person). Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should

be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Wolff, 418 U.S. at 570.

Liberally construed, the allegations of the complaint state a Section 1983 claim against D. Shaltry and R. Curry for forcing plaintiff to waive his right to an investigative employee, against J. Stevenson for denial of due process at plaintiff's RVR hearing and against J. Hughes and V. Solos for upholding J. Stevenson's guilty finding.

### 3. Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Liberally construed, the allegations of the complaint state a Section 1983 retaliation claim against D. Shaltry and R. Curry.

### 4. Defendant R. Downey

Plaintiff has failed to present sufficient allegations linking defendant R. Downey to any constitutional violation.  See Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (typically, placement in segregated housing in and of itself does not implicate a protected liberty interest). Therefore R. Downey will be dismissed from this action.  If plaintiff can allege facts to establish liability against this defendant, he may move to amend his pleadings.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint, liberally construed, states a cognizable Eighth Amendment claim against defendants D. Shaltry and V. Pato, a cognizable due process claim against defendants D. Shaltry, R. Curry, J. Stevenson, J. Hughes and V. Solis, and a cognizable retaliation claim against defendants D. Shaltry and R. Curry.  Defendant R. Downey is DISMISSED.  The Clerk shall terminate R. Downey and "CDCR Employees" as defendants on the docket in this action.

2. The Clerk shall issue summons and the United States Marshal shall serve, without

4

prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants **D. Shaltry, V. Pato, J. Stevenson, J. Hughes, V. Solis and R. Curry** at **Salinas Valley State Prison**. The Clerk shall add J. Stevenson as a defendant on the docket in this action.

A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be

5

1  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
2  any fact that would affect the result of your case, the party who asked for summary judgment is
3  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
4  makes a motion for summary judgment that is properly supported by declarations (or other sworn
5  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
6  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
7  as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
8  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
9  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
10  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v.
11  Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

12      Plaintiff also is advised that a motion to dismiss for failure to exhaust available
13  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
14  prejudice.  You must "develop a record" and present it in your opposition in order to dispute any
15  "factual record" presented by defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d
16  1108, 1120 n.14 (9th Cir. 2003).

17      (The Rand and Wyatt notices above do not excuse defendants' obligation to serve said
18  notices again concurrently with motions to dismiss for failure to exhaust available administrative
19  remedies and motions for summary judgment.  Woods, 684 F.3d at 939).

20      5.  All communications by plaintiff with the Court must be served on defendants'
21  counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard
22  any document which a party files but fails to send a copy of to his opponent.  Until a defendants'
23  counsel has been designated, plaintiff may mail a true copy of the document directly to
24  defendants, but once a defendant is represented by counsel, all documents must be mailed to
25  counsel rather than directly to that defendant.

26      6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
27  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
28  before the parties may conduct discovery.

1   7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the
2   Court informed of any change of address and must comply with the Court's orders in a timely
3   fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
4   to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every
5   pending case every time he is moved to a new facility.
6   8. Any motion for an extension of time must be filed no later than the deadline sought
7   to be extended and must be accompanied by a showing of good cause.
8   9. Plaintiff is cautioned that he must include the case name and case number for this
9   case on any document he submits to the Court for consideration in this case.
10  IT IS SO ORDERED.
11  Dated: December 6, 2016



JON S. TIGAR
United States District Judge